IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MARY A. STARNES AND | § § § | |
| Plaintiff, | § § | |
| V. | § § | |
| | § | CIVIL ACTION NO. _____ |
| SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG ELECTRNICS CO., LTD. AND JOHN DOES 1-100, INCLUSIVE, | § § § § § § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE COURT:

NOW COMES Plaintiff Mary Starnes ("Plaintiff" herein) and files her Plaintiff's Original Complaint complaining of Defendants Samsung Electronics America, Inc.; Samsung Electronics Company, Ltd. and John Does 1-100, inclusive (at times collectively "Defendants"). Plaintiff would respectfully show the Court as follows:

**I.**

**SUMMARY**

1. Defendants were engaged in the business of selling, designing, engineering, manufacturing, assembling, testing, supplying, formulating, producing, packaging, labeling, constructing, marketing, promoting, warranting, importing, and/or distributing electronics to the public, including a Samsung A20 cellular phone, and all of its component parts, purchased and used by Plaintiff. Plaintiff

suffered serious injuries to her eyes and vision when the cellular phone sparked, flared and caught fire.

## II.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 1332.

3. Venue is proper in the Northern District of Texas under 42 U.S.C. § 1391(b)(2) because all or a substantial part of the events giving rise to Plaintiff's claims occurred in the Northern District of Texas.

## III.

## THE PARTIES

4. Plaintiff Mary Starnes (Texas DL xxxxx820, SSN xxx-xx-x677) is an individual who is a citizen of the State of Texas. At all times mentioned herein, Plaintiff resided in Tarrant County, Texas.

5. Defendant Samsung Electronics America, Inc. is a New York corporation, engaged in business in Texas, with its principal place of business located at 105 Challenger Road, Ridgefield Park, New Jersey, 07660, and a wholly owned domestic sales subsidiary of foreign manufacturer Samsung Electronics Co., Ltd., which has a controlling interest in Samsung Electronics America, Inc. Samsung Electronics America, Inc. may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

6. Defendant Samsung Electronics Co., Ltd. is, and was at all relevant times mentioned herein, a foreign corporation organized and existing under the laws of the

Republic of Korea, which its principal place of business at 129 Samsung-Ro, Yeongtong-Gu, Suwon-si, Gyenoggi-do, Korea.  Samsung Electronics Co., Ltd. is the parent company of, and has a controlling interest in, Samsung Electronics America, Inc.

7.     Defendants John Does 1-100, inclusive, pursuant to federal and/or Texas law, is any other person or entity who sold, designed, engineered, manufactured, assembled, tested, supplied, formulated, produced, packaged, labeled, constructed, marketed, promoted, warranted, imported, distributed, and/or was involved in any way with the Samsung A20 cellular phone at issue in this case or any component thereof. The true names and capacities, whether individual, plural, corporate, partnership, associate or otherwise of John Does 1 through 100, inclusive, are presently unknown to Plaintiff, who therefore sues said defendants by such fictitious names. The full extent of the facts linking such fictitiously sued defendants with the causes of action alleged herein is unknown to Plaintiff. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as a John Doe was and is negligently, carelessly, recklessly, unlawfully, tortuously, wantonly, wrongfully, illegally, or in some other actionable manner, responsible for the events and happenings hereinafter referred to, and thereby negligently, carelessly, recklessly, unlawfully, tortuously, wantonly, wrongfully, and illegally proximately caused the hereinafter described injuries and damages to Plaintiff. Plaintiff will later file an amendment to this complaint or seek leave of Court to amend this complaint to show Defendants' true names and capacities after the same have been ascertained.

8.     Plaintiff is informed and believes, and thereupon alleges, that at all times mentioned herein, Defendants, and each of them, including John Does 1 through 100,

inclusive, and each of them, were agents, servants, employees and joint venturers of each other, and were, as such, acting within the course, scope and authority of said agency, employment and joint venture, and that each and every defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every defendant as an agent, employee, contractor, subcontractor and joint venture, and that each defendant, by and through its officers, officials, directors, managers, supervisors and managing agents, authorized, ratified and otherwise approved of the acts of the remaining defendants, and that said officers, directors, or managing agents participated in said acts with the defendants, including John Does 1 through 100, inclusive, and each of them.

9. Samsung Electronics Co., Ltd., Samsung Electronics Company America, Inc. and John Does 1-100, inclusive, are collectively referred to in this complaint as "Samsung."

### IV.

### FACTUAL BACKGROUND

10. Plaintiff purchased a Samsung A20 cellular phone from Metro PCS in Fort Worth, Texas in or prior to January 2021.

11. On or about January 16, 2021, Plaintiff was using her Samsung A20 cellular phone when it suddenly and unexpectedly sparked, flared and caught on fire, causing serious burn injuries to, and loss of vision in, both of Plaintiff's eyes.

12. Plaintiff's Samsung A20 cellular phone was designed, manufactured, marketed, distributed, and sold by Samsung and placed into the channels of commerce by Samsung.

13. Samsung was and is in the business of selling, designing, engineering, manufacturing, assembling, testing, supplying, formulating, producing, packaging, labeling, constructing, marketing, promoting, warranting, importing, and/or distributing cellular phones and placing such equipment into the channels of commerce for the use of persons such as Plaintiff by transactions which were commercial in nature.

14. Plaintiff's Samsung A20 cellular phone was without substantial or material change in its condition from the time is was designed, manufactured, marketed and sold by Samsung up until the time of Plaintiff's injury on or about January 16, 2021.

15. At the time of Plaintiff's injury, her Samsung A20 cellular phone was being used in an ordinary and foreseeable manner.

16. The Samsung A20 cellular phone was unreasonably dangerous and defective.

17. In addition, the Samsung A20 cellular phone lacked adequate instructions and warnings concerning such dangers.

18. There were safer alternative designs available at the time Plaintiff's Samsung A20 cellular phone was placed into the stream of commerce.

19. The safer alternative designs mentioned above would have prevented or significantly reduced the risk of the injuries suffered by Plaintiff.

20. The safer alternative designs above were economically and technologically feasible at the time the Samsung A20 cellular phone left Samsung's control, by the application of existing or reasonably achievable scientific knowledge.

21. Plaintiff has undergone extensive medical treatment. Despite such treatment, Plaintiff has suffered and will continue to suffer permanent and debilitating damage to her eyes including progressive blindness.

22. As a result of Samsung's conduct as set forth above, Plaintiff has suffered damages as set forth below.

## V.

## COUNT 1 – STRICT PRODUCTS LIABILITY

23. All preceding paragraphs and incorporated herein by reference as if fully set forth at length.

24. Plaintiff invokes the doctrine of strict liability as provided by RESTATEMENT (SECOND) OF TORTS § 402A as adopted by the Supreme Court of Texas and other stated and federal courts across the country and as codified in Chapter 82 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

25. Samsung was involved, as part of its business, in selling and/or otherwise placing cellular phones including Plaintiff's Samsung A20 into the course and stream of commerce (including the accompanying warnings, instructions and written materials, if any) by transactions that were essentially commercial in nature.

26. Samsung was a "manufacturer" of the Samsung A20 cellular phone at issue in this lawsuit, as such term is defined under Texas or other applicable law, because Samsung participated in the design of the Samsung A20 cellular phone or a component part thereof.

27. The Samsung A20 cellular phone was defectively designed by Samsung and unreasonably dangerous for its anticipated, intended and foreseeable use in the following ways:

27.1. Samsung designed and/or sold the Samsung A20 cellular phone in a condition that it could spark, flare and catch fire in such a way that it could injure Plaintiff.

27.2. By the time Samsung supplied the Samsung A20 cellular phone at issue in this lawsuit, they had actual or constructive knowledge of a defect in the phone, and Plaintiff's harm resulted from that defect. Accordingly, Plaintiff's use of the Samsung A20 cellular phone in the present case was, or should have been, reasonably foreseeable to Samsung.

27.3. In its condition, Plaintiff's Samsung A20 cellular phone did not perform as safely as an ordinary consumer would expect when used in a reasonably foreseeable manner and the foreseeable risk associated with the use of the Samsung A20 cellular phone far exceeded any utility associated with its design.

28. Plaintiff's Samsung A20 cellular phone was also defective in that Samsung failed to provide adequate warnings of the potential dangers associated with the uses and/or misuses of the cellular phone as designed, specifically the potential for the A20 to spark, flare and catch fire which would not be apparent to the ordinary consumer and/or user.

28.1. Samsung exercised substantial control over the content of the warnings or instructions that accompanied the A20.

28.2. The warnings or instructions provided, if any, were inadequate.

28.3. Plaintiff's harm resulted from the omission or inadequacy of the warnings or instructions.

29. Foreseeable users, such as Plaintiff, were not, and still are not, likely to possess knowledge of the extent of the risks associated with using the Samsung A20 cellular phone as designed or the severity of injures that are likely to occur. Without such knowledge, users

would not be in a position to avoid the product's inherent dangers through the exercise of ordinary and reasonable care. Conversely, Samsung knew, and was in the best position to know, that the A20 cellular phone, as designed, posed a tremendous risk of severe injury to users.

30. Samsung's acts and/or omissions in the design of the defective A20 cellular phone were a proximate cause, producing cause and/or a substantial factor in causing Plaintiff's injuries and damages.

31. Samsung had actual knowledge of the defects alleged herein, and in putting the A20 cellular phone into the stream of commerce, acted with complete indifference to and conscious disregard for the safety of Plaintiff and other foreseeable users.

## VI.

## COUNT 2 – NEGLIGENCE OF SAMSUNG

32. All preceding paragraphs and incorporated herein by reference as if fully set forth at length.

33. Samsung was a "manufacturer" of the A20 cellular phone at issue in this lawsuit, as such term is defined under Texas law.

34 Samsung owed consumers and/or foreseeable users, including Plaintiff, the duty of care of a reasonably prudent manufacturer in the manufacturing, design and marketing of its cellular phones, including the A20.

35. Samsung ignored and/or breached its duty of care by the following negligent acts and/or omissions, among others:

    35.1. Failed to design a reasonably safe cellular phone;

    35.2. Failed to guard against injury in the product design;

35.3. Placed into the stream of commerce a cellular phone that was defective in design and/or failed to contain adequate warnings and instructions;

35.4. Placed into the stream of commerce a cellular phone that was unfit for its foreseeable and intended uses and/or was likely to cause injury under ordinary and foreseeable use;

35.5. Failed to provide adequate instructions and/or warnings with the product after learning, knowing, or having reason to know, of the defects existing in the product that rendered it unreasonably dangerous when used in a reasonably-foreseeable manner and that users of the product would not realize the potential dangers associated with ordinary and foreseeable use;

35.6. Failed to provide post-sale warnings, or to recall or retrofit the product, after learning, knowing, or having reason to know of the defects existing in the product that rendered it unreasonably dangerous for its intended use; and

35.7. Ignored and/or failed to investigate similar incidents involving the Samsung A20 cellular phone; and/or failed to report incidents and lawsuits involving users who have been injured by the Samsung A20 cellular phone to the Consumer Product Safety Commission.

36. As an actual and proximate result of Samsung's negligent acts and/or omissions, the A20 cellular phone that caused Plaintiff's injuries was placed into the stream of commerce in a defective and unreasonably dangerous condition, Plaintiff was subjected to the occurrence which makes the basis of this suit, and Plaintiff has suffered the resulting injuries and damages described herein.

37. Plaintiff's injuries and the manner in which they occurred were reasonably foreseeable to Samsung, which had actual and/or constructive knowledge that users were being or could be injured when encountering its cellular phones.

38. Samsung's acts and/or omissions in the design, manufacture, assembly, marketing, distribution, and sale of the defective A20 cellular phone were a proximate cause and/or a substantial factor in causing Plaintiff's injuries.

39. Samsung had knowledge of the design defects alleged herein at the time it sold the subject A20 cellular phone and acted with complete indifference to and conscious disregard for the safety of Plaintiff and other foreseeable users.

## VII.
## COUNT 3 - BREACH OF WARRANTY

40. All preceding paragraphs and incorporated herein by reference as if fully set forth at length.

41. Samsung, by and through its design and sale of the A20 cellular phone, expressly and impliedly warranted to consumers and/or foreseeable users, such as Plaintiff, that the A20 was reasonably safe and fit for its ordinary and foreseeable purposes.

42. The warranties described above include warranties:

    42.1. that the A20 cellular phone, including its accompanying literature and materials, were designed, constructed and assembled in a good and workmanlike manner;

    42.2. that the A20 cellular phone was reasonably fit for the ordinary purposes for which such devices are used; and

42.3. that the A20 cellular phone was reasonably fit for its particular and intended purpose, of which Samsung was aware.

43. Samsung knew, or should have known, that consumers and/or users, including Plaintiff, intended to use the A20 cellular phone for ordinary and foreseeable purposes and that consumers and/or users, including Plaintiff, were relying on Samsung's skill and judgment in selling cellular phones suitable for those purposes.

44. Plaintiff made ordinary and foreseeable use of the Samsung A20 cellular phone in reliance on said warranties.

45. Contrary to said warranties, the Samsung A20 cellular phone was not designed, constructed and assembled in a good and workmanlike manner; was not reasonably fit for the ordinary purposes for which such devices are used; and was not reasonably fit for its particular and intended purpose, of which Samsung was aware. Samsung breached its express and implied warranties by the failure of the A20 cellular phone itself and by improper failure to warn of the risks associated with the use of its product and failure to provide instructions for safe operation.

46. As an actual and proximate result of Samsung's breach of said warranties, the A20 cellular phone was placed into the stream of commerce in a defective and unreasonably dangerous condition and Plaintiff suffered catastrophic injuries when her Samsung A20 cellular phone flared, sparked and caught fire.

47. Plaintiff's injuries and the manner in which they occurred were reasonably foreseeable to Samsung who had actual and/or constructive knowledge—from within the industry, from national publications, and from prior lawsuits—that consumers, users, and bystanders were being injured when encountering their cellular phones.

## VIII.

## COUNT 4 – GROSS NEGLIGENCE OF SAMSUNG

48. All preceding paragraphs and incorporated herein by reference as if fully set forth at length.

49. On the occasions alleged in this action, Samsung committed the above acts of negligence willfully, wantonly and/or recklessly without regard for the rights, safety, or welfare of Plaintiff.

50. Samsung's acts and omissions involved an extreme degree of risk of harm to Plaintiff. Despite knowledge of this extreme risk of harm, Samsung persisted in performing those acts and omissions described with a conscious indifference to the rights, safety, or welfare of Plaintiff. Such gross negligence was a proximate cause of damage to Plaintiff. Accordingly, Samsung was grossly negligent, and Plaintiff is entitled to recover exemplary damages in an amount sufficient to punish Samsung and deter others from engaging in similar conduct.

## IX.

## PLAINTIFF'S ACTUAL DAMAGES

51. All preceding paragraphs and incorporated herein by reference as if fully set forth at length.

52. As a proximate cause of the Samsung's negligence and other wrongful conduct, as set forth in Paragraphs V-VIII above, Plaintiff is entitled to recover for the following injuries and damages:

53. Medical, hospital and health care expenses in the past and that will in reasonable probability be sustained in the future for the medical, hospital and health care

received by Plaintiff for care and treatment of injuries sustained by her as a result of the occurrence in question in a fair and reasonable amount in excess of the minimum jurisdictional limits of the court.

54. Physical pain and mental anguish and suffering in the past and that will in reasonable probability be sustained in the future experienced by Plaintiff as a result of the occurrence in question in a fair and reasonable amount in excess of the minimum jurisdictional limits of the court.

55. Loss of earning capacity in the past and that will in reasonable probability be sustained in the future by Plaintiff as a result of the occurrence in question in a fair and reasonable amount in the excess of the minimum jurisdictional limits of the court.

56. Disfigurement in the past and that will in reasonable probability be sustained in the future experienced by Plaintiff as a result of the occurrence in question in a fair and reasonable amount in excess of the minimum jurisdictional limits of the court.

57. Physical impairment sustained by Plaintiff in the past and that will in reasonable probability be sustained in the future including loss of enjoyment of life which was substantial and extended beyond any pain, suffering or mental anguish to the extent that it was and is a distinct loss for which she should be compensated in a fair and reasonable amount in excess of the minimum jurisdictional limits of the court. *See Golden Eagle Archery, Inc. v. Jackson,* 116 S.W.3d 757 (Tex. 2003).

58. Punitive damages in a fair and reasonable amount in excess of the minimum jurisdictional limits of the court.

## X.

## **PLAINTIFF'S REQUEST FOR JURY TRIAL**

59. Plaintiff hereby requests a jury trial in this civil action.

60. Plaintiff is entitled to a trial by jury in the above cause pursuant to the TEX. CONST. art. I, § 15, TEX. R. CIV. P. 216 and U.S. CONST. amend. VII.

61. Plaintiff is entitled to, and hereby requests, a jury of twelve jurors, as well as a valid number of alternate jurors.

## XI.

## **PLAINTIFF'S RESERVATION OF RIGHT TO AMEND AND/OR SUPPLEMENT THIS PETITION**

62. Plaintiff asserts and reserves her legal rights to amend and/or supplement the allegations and other contents of this complaint to conform with any additional evidence or information and/or to respond to any or all of the pleadings of the Defendants and/or any other party or parties in the above and styled civil action.

## XII.

## **PRAYER**

63. FOR THESE REASONS, Plaintiff prays that Defendants be cited to appear and answer herein and that Plaintiff have and recover judgment against Defendants for the following:

64. Actual damages described above in a fair and reasonable total amount in excess of the minimum jurisdictional limits of this court or alternatively, as allowed by law;

65. Punitive damages in a fair and reasonable total amount in excess of the minimum jurisdictional limits of this court or alternatively, as allowed by law;

66.  Pre-judgment interest and post-judgment interest as allowed by law;

67.  Costs of court; and

68.  All other relief, in law and in equity, to which Plaintiff may be entitled.

Respectfully submitted,

/s/ Greg Jackson
Greg Jackson
State Bar No. 00794018

GREG JACKSON LAW
201 Main Street, Suite 600
Fort Worth, Texas 76102
Phone: (817) 926-1003
Fax: (817) 886-3653
E-mail: gjackson@gregjacksonlaw.com

ATTORNEY FOR PLAINTIFF